UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORMAN BANKS, )
 )
 Plaintiff(s), )
 )
 vs. ) Case No. 4:07CV1254 JCH
 )
AMERENUE and CRAIG SHERRILL, )
d/b/a AMERENUE, )
 )
 Defendant(s). )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants AmerenUE and Craig Sherrill, d/b/a AmerenUE's ("Defendants") Motion to Dismiss, filed August 7, 2007. (Doc. No. 11). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Norman Banks instituted his first action relating to his employment with Defendant AmerenUE in this Court on May 22, 2000 ("2000 suit"). The only defendant in the 2000 suit was AmerenUE. Plaintiff's Amended Complaint in the 2000 suit alleged race discrimination and failure to promote under Title VII, 42 U.S.C. § 2000e et seq., age discrimination under the ADEA, 29 U.S.C. § 621 et seq., retaliation, and constructive discharge. (Banks v. AmerenUE, 4:00CV847 JCH, Doc. No. 45 (E.D.Mo. April 16, 2001)).[1] This Court dismissed the retaliation and constructive

---

[1] In the 2000 suit, the main incidents Plaintiff asserted were:
- That his foreman, Craig Sherrill, disciplined him for allegedly sending a defective glove into the field, and counseled him about low production;
- That he applied for and was denied a promotion; and
- That he was forced to take sick leave and early retirement when he began to suffer from anxiety and depression. (Banks v. AmerenUE, 4:00CV847 JCH, Doc. No. 45 (E.D.Mo. April 16, 2001)).

discharge claims for failure to exhaust administrative remedies with the EEOC.[2] (Id.). This Court then ruled for Defendant on Defendant's motion for summary judgment on the age and race discrimination and failure to promote claims, finding that Plaintiff failed to meet his initial burden of establishing a prima facie case. (Banks v. AmerenUE, 4:00CV847 JCH, Doc. No. 63 (E.D.Mo. September 13, 2001)).[3]

Plaintiff instituted his second action relating to his employment with Defendant AmerenUE in Missouri state court on February 23, 2005 ("2005 suit"). (Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 1, attached Exh. A ("2005 Complaint")). In his second suit, Plaintiff named as Defendants AmerenUE, Craig Sherrill, d/b/a AmerenUE, and IBEW Local 1439. (Id.). Defendants removed the action to this Court on March 24, 2005. (Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 1). In the 2005 suit, Plaintiff alleged breach of duty of fair representation (Count I), retaliation (Count II), intentional infliction of emotional distress (Count III), constructive discharge (Count IV), and fraud (Count V).[4] In an Order entered September 8, 2005, this Court dismissed all claims against Defendant IBEW Local 1439, as barred by the statute of limitations. (Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 28, PP. 5-6 (E.D.Mo. September 8, 2005)). The Court further dismissed all claims against Craig Sherrill. With respect to AmerenUE, the Court dismissed Count I as barred by the statute of limitations, Count II as preempted by statutory remedies

---

[2] Plaintiff had filed EEOC charges on the age and race discrimination and failure to promote claims, but not on the claims of retaliation or constructive discharge.

[3] Plaintiff appealed this Court's summary judgment ruling, as well as its earlier ruling denying Plaintiff's motion to amend the Complaint. The Eighth Circuit Court of Appeals affirmed both rulings, and the Supreme Court of the United States denied certiorari. Banks v. AmerenUE, 25 Fed.Appx. 483 (8th Cir.), cert. denied, 537 U.S. 836 (2002). Plaintiff did not appeal this Court's dismissal for failure to exhaust administrative remedies.

[4] Within his claim for fraud, Plaintiff included the following allegation: "AmerenUE fraudulently passed over Plaintiff for the promotion to the Standard Tester job." (2005 Complaint, ¶ 46).

(which in turn were barred by the statutes of limitations), Count III as preempted by Missouri's Worker's Compensation Law, and Count IV because, "a cause of action for wrongful discharge will generally not lie when there is an independent statutory remedy." (Id., PP. 6-8). With respect to Count V, the Court held that Plaintiff failed to state a claim for fraud, because he failed to allege his reliance on any of Defendants' alleged representations. (Id., PP. 8-9). The Court did, however, permit Plaintiff to pursue a claim for a statutory penalty pursuant to Mo. Rev. Stat. § 290.110. (Id., PP. 9-10). In a separate Order entered October 25, 2005, however, the Court dismissed Plaintiff's final claim as barred by the statute of limitations. (Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 35, PP. 2-4 (E.D.Mo. October 25, 2005)).

On appeal, Plaintiff challenged only this Court's rulings with respect to certain issues surrounding his fraud claim, and his claim for penalty wages pursuant to Mo. Rev. Stat. § 290.110. Banks v. AmerenUE, 2007 WL 1147361 (8th Cir. Apr. 19, 2007). The Eighth Circuit Court of Appeals affirmed the rulings, as follows:

> First, we agree with the district court that Banks failed to state a fraud claim under Missouri law because he did not allege reliance on any of defendants' allegedly fraudulent representations or actions. See Trimble v. Pracna, 167 S.W.3d 706, 712 n. 5 (Mo. 2005) (nine essential elements of fraud, including hearer's reliance on representation's truth; plaintiff cannot recover for fraud without establishing reasonable reliance on truth of representation claimed to be false). In fact, Banks's complaint shows that he believed the representations and actions to be fraudulent when each occurred....
>
> Third, Banks's penalty-wage claim failed because his February 11, 2005 request for penalty wages from AUE--nearly five years after his employment with AUE ended on March 1, 2000--was untimely under Missouri common law. See Monterosso v. St. Louis Globe-Democrat Publ'g Co., 368 S.W.2d 481, 485-86, 489 (Mo. 1963) (holding that requests for unpaid wages under § 290.110 which had been sent to employer at least 90 days and in some cases 180 days after discharge were untimely because employees had waited an unreasonable amount of time to present the requests to employer).

Id.

Plaintiff filed the instant Complaint against Defendants AmerenUE and Craig Sherrill, d/b/a AmerenUE, in Missouri state court on June 5, 2007. (Defendant's Notice of Removal, Doc. No. 1, attached Exh. A ("Complaint" or "Compl.")). Defendants removed the action to this Court on July 11, 2007. (Doc. No. 1). In the instant Complaint, Plaintiff alleges (1) that Defendant AmerenUE engaged in fraudulent conduct, by posting as a qualification for the position of Standard Tester one year experience as a Station Tester, but then filling the position using the qualification of two years experience testing polyphase meters (Count I), and (2) that because Defendant AmerenUE failed to pay Plaintiff's wages when he was constructively discharged in 2000, he is owed his wages and the statutory penalty required by Mo. Rev. Stat. § 290.110 (Count II).[5] As stated above, Defendants filed the instant Motion to Dismiss on August 7, 2007, alleging Plaintiff's claims are barred by the applicable statutes of limitations, and by the doctrines of res judicata and collateral estoppel. (Doc. No. 11). Defendants further maintain Counts I and II of Plaintiff's Complaint must be dismissed for failure to state a claim. (Id.).

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in

---

[5] In the instant Complaint, Plaintiff includes no allegations of wrongdoing on the part of Defendant Craig Sherrill.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

### A. Count I

As stated above, in Count I of his Complaint, Plaintiff alleges Defendant AmerenUE engaged in fraudulent conduct, by posting as a qualification for the position of Standard Tester one year experience as a Station Tester, but then filling the position using the qualification of two years experience testing polyphase meters. (Compl., ¶ 1). The elements of a claim for fraud in Missouri are: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) his right to rely thereon, and (9) the hearer's consequent and proximately caused injury." Liberty Life Assur. Co. v. Estate of Barnett, 2005 WL 1662257 at *8 (E.D. Mo. Jul. 8, 2005), quoting Taylor v. Richland Motors, 159 S.W.3d 492, 496 (Mo. App. 2005).

Upon consideration, the Court finds Plaintiff cannot maintain his claim for fraud, as he fails to establish his reliance on Defendants' alleged misrepresentation with respect to the qualifications for the position of Standard Tester. Rather, the Court notes Plaintiff actually applied for the position at issue, despite his failure to possess the requisite qualification, and thus did not rely on the allegedly false posting to his detriment. (See, e.g., 2000 Complaint, ¶ 11). Defendants' Motion to Dismiss with respect to Count I of Plaintiff's Complaint must therefore be granted.

### B. Count II

Count II of Plaintiff's Complaint states in its entirety as follows: "AmerenUE failed to pay Plaintiff's [] wages when he was constructively discharged in (2000). Plaintiff is owed his wages and the penalty of §290.110." (Compl., ¶ 2). In his response to Defendants' Motion to Dismiss, Plaintiff explains Count II is based on Defendants', "failure to pay Plaintiff his one day of wages after discharge." (Memorandum in Objection to Defendants' Motion to Dismiss, P. 3).

In its September 8, 2005, Order, this Court noted Plaintiff already had been paid for the eight hours he allegedly worked on March 22, 1999. (Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 28, P. 9 (E.D.Mo. September 8, 2005); see also 4:05CV477 JCH, Doc. No. 16, P. 3, wherein Plaintiff admits he was paid the wages on or around February 26, 2005). With respect to Plaintiff's claim for a statutory penalty pursuant to Mo. Rev. Stat. § 290.110, as stated above this Court previously dismissed the claim as barred by the statute of limitations, and the Eighth Circuit affirmed the ruling. (See Banks v. AmerenUE, et al., 4:05CV477 JCH, Doc. No. 35, PP. 2-4 (E.D.Mo. October 25, 2005); see also Banks v. AmerenUE, 2007 WL 1147361 (8th Cir. Apr. 19, 2007)). Defendants' Motion to Dismiss Count II of the instant Complaint must therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 11) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions (Doc. No. 13) is **DENIED**.[6]

Dated this 17th day of September, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff is warned that any future attempts to pursue litigation based on previously dismissed claims will result in the imposition of sanctions.